**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALVIN FAULKNER,
U.S.A. EMBASSY,**

    **Plaintiffs,**

vs.                                                        Case No. 4:23cv469-AW-MAF

**CUBAN EMBASSY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is pro se, submitted a civil rights complaint, ECF No. 1, to this Court using the form for pro se, non-prisoner litigants. Plaintiff did not pay the filing fee for this case nor did he submit an in forma pauperis motion with the required supporting financial affidavit. Nevertheless, this case has been reviewed. Multiple reasons are evident that this case should be summarily dismissed.

First, under the local rules of this Court, a party who files "a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915."

N.D. Fla. Loc. R. 5.3. This case has been opened, but cannot continue because Plaintiff did not comply with Rule 5.3.

Second, there is no need to wait for Plaintiff to file a motion requesting leave to proceed in forma pauperis. Although Plaintiff submitted a complaint on a non-prisoner complaint form, judicial notice is taken that Plaintiff is a prisoner. Plaintiff listed his address as the B.C.C.C., 901 Greenmant Avenue, in Baltimore, Maryland. ECF No. 1 at 2. B.C.C.C. stands for the Baltimore City Correctional Center. Thus, Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h).

Accordingly, a prisoner is entitled to in forma pauperis status only if the prisoner meets the qualifications of 28 U.S.C. § 1915(g) - that is, he has not brought "3 or more prior occasions" which were dismissed on the grounds that the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Judicial notice is taken that Plaintiff has had 3 prior cases dismissed for reasons which count as a "strike" under § 1915(g).

Plaintiff filed case number 1:19cv982-NCT-LPA in the United States District Court for the Middle District of North Carolina. That case was

Case No. 4:23cv469-AW-MAF

dismissed, among other reasons, because Plaintiff's claims were "rambling," and "not understandable." *See* ECF Nos. 2 and 5 of that case. Plaintiff also filed case number JFM-07-3233 in the United States District Court for the District of Maryland. That case was dismissed because Plaintiff presented conclusory assertions which failed to state a claim. ECF No. 3 of that case. In addition, Plaintiff filed case number JFM-07-2082 in the United States District Court for the District of Maryland. That case was also dismissed because "a claim of constitutional dimension [had] not been stated." ECF No. 6 of that case.

All three of those cases were filed while Plaintiff was a "prisoner" and all three cases were dismissed for failure to state a claim. Plaintiff has three "strikes" and is not entitled to proceed without paying the filing fee at the time of case initiation unless Plaintiff alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff presents no such allegations.

Indeed, Plaintiff's complaint is rambling and unintelligible. ECF No. 1 at 4-5. To the degree his handwriting can be deciphered, his complaint is frivolous and nonsensical. Plaintiff has not demonstrated imminent danger.

Case No. 4:23cv469-AW-MAF

Finally, Plaintiff has attempted to file this case on his own behalf, and for the United States Embassy.  Plaintiff is not a licensed attorney and cannot represent anyone or anything other than himself.

This case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a "three striker," Plaintiff is not entitled to belatedly pay the filing fee.  <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  <u>Id.</u>

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling the action in the proper Court[1] if Plaintiff simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and

---

[1] Venue is not appropriate in this Court because Plaintiff is not incarcerated in the Northern District of Florida, Defendants are not located here, and no event is alleged to have taken place in this District.

Case No. 4:23cv469-AW-MAF

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**